IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRIAUN DESHAUN WARD, #58495-177 | § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | No. 3:24-cv-00765-S (BT) |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Terriaun Deshaun Ward's letter filing, which, as explained below, is construed as a petition for habeas relief under 28 U.S.C. § 2241. ECF No. 3. The District Court referred this case to the United States Magistrate Judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate, under 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition without prejudice for lack of jurisdiction.

**Background**

Ward pleaded guilty to possession of a firearm by a convicted felon, and— on June 17, 2022—the District Court sentenced him to 82 months imprisonment

with credit for time spent in state custody on a related case. *See United States v. Terriaun Deshaun Ward*, No. 3:18-cr-00233-S; Doc. 72 at 1-2 (judgment).[1]

On March 22, 2024, Ward filed a *pro se* letter in which he complains that unspecified "pending" state charges related to the charges for which he is in federal custody are a "hinderance" to him being released from federal custody. ECF No. 3 at 1. He asks the Court to "deal with these charges" and seeks a "speedy trial [on the charges]," "time served," or dismissal of the charges. ECF No. 3 at 1.

Examination of Ward's presentence report and pertinent Dallas County docket sheets reveals that the pending charges he references are state charges in Dallas County for unlawful possession of a firearm by a felon that are related to the conduct underlying his federal conviction. *See State of Texas v. Terriaun Deshaun Ward*, Nos. F1760639 & F1851214 (Dallas Cnty. Crim. Dist. Court 6); *see also United States v. Terriaun Deshaun Ward*, No. 3:18-cr-00233-S; Doc. 27-1 at 11 (presentence report). As of the time of this recommendation, no judgment has been entered in relation to those charges. *See* Details (dallascounty.org) (search for cases F1760639 & F1851214; last visited April 4, 2024).

## Legal Standards and Analysis

First, because the state cases that are the subject of Ward's complaints are still pending, the Court should liberally construe his letter as seeking habeas relief under 28 U.S.C. § 2241. *See*, *e.g.*, *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir.

---

[1] Citations to the docket sheet in Ward's criminal case are preceded with "Doc." Citations to the docket sheet in this habeas action are preceded with "ECF No."

2

1998) ("Pretrial petitions are properly brought under § 2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case against him.'") (citing *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); § 2241(c)(3)); *see also Phillips v. Warden*, 2014 WL 136511, at * 1 (W.D. La. Jan. 13, 2014) ("A pretrial petition challenging ongoing state criminal proceedings, however, is properly brought under 28 U.S.C. § 2241.").

But a § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *see also Hartfield v. Quarterman*, 603 F. Supp. 2d 943, 948 (S.D. Tex. 2009) ("Unlike § 2254 postconviction habeas petitions, which can be filed either in the federal district where the petitioner was convicted and sentenced or the federal district where the petitioner is in custody, § 2241 preconviction habeas petitions can be filed only in the federal district where the petitioner is in custody.") (citations omitted). Indeed, the court lacks jurisdiction to consider a § 2241 petition unless the federal prisoner or his custodian are found within the district court's jurisdiction. *See Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)). Moreover, when a district court lacks jurisdiction over a § 2241 petition, the court should

3

dismiss the petition without prejudice to permit the petitioner to file it in the proper court. *Id.* at 375.

Here, although sentenced and convicted in the Northern District of Texas, Ward is confined at BOP Beaumont FCI in Beaumont, Texas, which is within the Eastern District of Texas. *See* 28 U.S.C. § 124(c). Thus, this Court lacks jurisdiction to consider his pretrial challenges to his pending state-court proceedings. Therefore, the Court should dismiss his request for habeas relief under § 2241 without prejudice to his ability to seek such relief in the Eastern District of Texas.

## Recommendation

The Court should sua sponte dismiss Ward's case without prejudice for lack of jurisdiction.

SO RECOMMENDED April 4, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).